UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

ANDREW GEORGE PIAZZA,

    Plaintiff,

v.

KEVIN CHAPPELL, et. al.,

    Defendants.

    /

No. C 15-2916 NJV (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis. (Doc. 6.)

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff states that his confiscated property has not been returned.

Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); *King v.*

2

*Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986) (same).  California law provides such an adequate post-deprivation remedy.  *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

If the deprivation is not random and unauthorized, but the result of "established state procedure," the availability of a post-termination tort action does not necessarily provide due process.  *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-37 (1982) (failure on part of state commission to hold hearing within statutory time limits not permitted to terminate timely filed claim).  *Parratt* does not apply where the state has procedures designed to control the actions of state officials and the officials act pursuant to those procedures.  *See Zimmerman v. City of Oakland*, 255 F.3d 734, 738 (9th Cir. 2001); *Armendariz v. Penman*, 31 F.3d 860, 866 (9th Cir. 1994), aff'd in part on relevant grounds and vacated in part on other grounds on reh'g en banc, 75 F.3d 1311 (9th Cir. 1996) (en banc).  In those instances, the Fourteenth Amendment requires "'an opportunity . . . granted at a meaningful time and in a meaningful manner,'. . . for a hearing appropriate to the nature of the case.'"  *Logan*, 455 U.S. at 437.  Due process is violated where a deprivation is predictable and pre-deprivation process possible, but state officials, acting under apparent authority of state procedures, provide no pre-deprivation procedure and are specifically charged with the authority to effect the deprivation complained of.  *See Zimmerman*, 255 F.3d at 739 (holding that a due process challenge to the deprivation of property may go forward where (1) the deprivation took place at a specific, predictable point in the seizure process; (2) the seizing officer was delegated the power and authority to effect the very deprivation complained of; and (3) he also had the concomitant duty to initiate the procedural safeguards set up under the local ordinance); *Armendariz*, 31 F.3d at 866.

Plaintiff states that he received a rules violation while at San Quentin State Prison and was assessed a 180 days loss of privileges.  He was later given an additional 90 days of loss of priveleges which was confirmed when he appeared in front of a Classification

3

Committee. As a result of the loss of privileges, plaintiff was moved to a new housing area and his recreational and entertainment appliances were confiscated and he was given a property receipt and told the property would be returned when the loss of privileges ended. The items were twenty-four single compact discs, two double compact discs, and two hot pots. Prior to the loss of privileges punishment ending, plaintiff was transferred to a different prison, but these items have still not arrived at the new prison. Plaintiff states that had he been informed in advance of the transfer he would have inquired about transferring the property. His exhibits indicate that his other property was transferred to the new prison, just not the confiscated property. Petition, Ex. A.

It is unclear what has happened to the compact discs and hot pots at issue. If the property was lost or destroyed due to a negligent or intentional act arising out of plaintiff's transfer, then he is not entitled to relief in this action because of the existence of an adequate state post-deprivation remedy. This would appear to be the situation as his other property arrived at the new prison. It does not appear that the permanent deprivation of the confiscated property was envisioned as part of the rules violation punishment. Plaintiff notes that the property would have been returned had he not been transferred. Plaintiff's claim appears to fall into the *Parratt* line of cases.

Plaintiff has not provided sufficient allegations to demonstrate that the deprivation of property was the result of an established state procedure to fall into the *Zimmerman* line of cases. Moreover, to the extent that the property was confiscated as a result of the established procedure of the rules violation hearing and punishment, then plaintiff appears to have had an opportunity for a hearing both at the rules violation hearing and Classification Committee hearing and he was able to file inmate appeals to address the situation. Plaintiff will be provided an opportunity to amend.

In addition, the defendants named in the complaint are the correctional officers who confiscated the property and placed it in the secure property room and a supervising lieutenant. Plaintiff must demonstrate that they are the proper defendants and that they

4

should have been aware that he was being transferred.  The complaint will be dismissed with leave to amend to provide more information regarding the proper defendants and to provide additional details regarding the confiscation of the property as discussed above.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above.  The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 6, 2015.

NANDOR J. VADAS
United States Magistrate Judge