UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

ANDREW GEORGE PIAZZA,

    Plaintiff,

  v.

KEVIN CHAPPELL, et. al.,

    Defendants.

No. C 15-2916 NJV (PR)

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The court dismissed the original complaint with leave to amend. (Doc.7.) Plaintiff sent a letter seeking to withdraw this case and then filed an amended complaint. (Doc. 9.) The court has reviewed the amended complaint.

**DISCUSSION**

**A. Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff states that his confiscated property has not been returned.

Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide

2

meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986) (same). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

If the deprivation is not random and unauthorized, but the result of "established state procedure," the availability of a post-termination tort action does not necessarily provide due process. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-37 (1982) (failure on part of state commission to hold hearing within statutory time limits not permitted to terminate timely filed claim). *Parratt* does not apply where the state has procedures designed to control the actions of state officials and the officials act pursuant to those procedures. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 738 (9th Cir. 2001); *Armendariz v. Penman*, 31 F.3d 860, 866 (9th Cir. 1994), aff'd in part on relevant grounds and vacated in part on other grounds on reh'g en banc, 75 F.3d 1311 (9th Cir. 1996) (en banc). In those instances, the Fourteenth Amendment requires "'an opportunity . . . granted at a meaningful time and in a meaningful manner,'. . . for a hearing appropriate to the nature of the case.'" *Logan*, 455 U.S. at 437. Due process is violated where a deprivation is predictable and pre-deprivation process possible, but state officials, acting under apparent authority of state procedures, provide no pre-deprivation procedure and are specifically charged with the authority to effect the deprivation complained of. *See Zimmerman*, 255 F.3d at 739 (holding that a due process challenge to the deprivation of property may go forward where (1) the deprivation took place at a specific, predictable point in the seizure process; (2) the seizing officer was delegated the power and authority to effect the very deprivation complained of; and (3) he also had the concomitant duty to initiate the procedural safeguards set up under the local ordinance); *Armendariz*, 31 F.3d at 866.

Plaintiff states that he received a rules violation while at San Quentin State Prison and was assessed a 180 days loss of privileges. He was later given an additional 90 days of loss of privileges which was confirmed when he appeared in front of a Classification Committee. As a result of the loss of privileges, plaintiff was moved to a new housing area and his recreational and entertainment appliances were confiscated and he was given a property receipt and told the property would be returned when the loss of privileges ended. The items were twenty-four single compact discs, two double compact discs, and two hot pots. Prior to the loss of privileges punishment ending, plaintiff was transferred to a different prison, but these items have still not arrived at the new prison. Plaintiff states that had he been informed in advance of the transfer he would have inquired about transferring the property. His exhibits indicate that his other property was transferred to the new prison, just not the confiscated property.

It is unclear what has happened to the compact discs and hot pots at issue. Plaintiff argues that defendants intentionally deprived him of his property. Either an intentional or negligent deprivation appears to be the situation as his other property arrived at the new prison. It does not appear that the permanent deprivation of the confiscated property was envisioned as part of the rules violation punishment. Plaintiff notes that the property would have been returned had he not been transferred. Because plaintiff has a post-deprivation remedy this fails to state a § 1983 claim.

Plaintiff has failed to provide sufficient allegations to demonstrate that the deprivation of property was the result of an established state procedure to fall into the *Zimmerman* line of cases. Plaintiff also argues that the deprivation of the compact discs and hot pots presents a due process violation. The court finds that the deprivation of these items does not demonstrate an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Because plaintiff has already been provided leave to amend and allowing further amendment would be futile, this case is dismissed with prejudice.

4

**CONCLUSION**

1. This action is dismissed with prejudice for the reasons set forth above.

2. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: October 15, 2015.

NANDOR J. VADAS
United States Magistrate Judge